NETTIE GOODBREAD, FOR THE USE OF S. C. COLE, *Plaintiff in Error,* v. H. R. THOMAS, *Defendant in Error.*

Opinion Filed November 25, 1921.

Where a charge given to the jury assumes that essential elements in the case have been established by the proofs, when the evidence as to them is not conclusive, but is conflicting, and the charge appears to have been harmful to the complaining party, the judgment will be reversed.

A Writ of Error to the Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment reversed.

*Stafford Caldwell* and *Guy Gillen,* for Plaintiff in Error;

*J. B. Hodges,* for Defendant in Error.

WHITFIELD, J.—For previous opinions herein see Good-bread v. Thomas, 73 Fla. 663, 74 South. Rep. 798, and Thomas v. Goodbread, 78 Fla. 278, 82 Suth Rep. 835.

At the last trial in ejectment the plaintiff showed a paper title and the defendant sought to show an equitable estoppel under the principles stated in the former opinion herein, Thomas v. Goodbread, *supra*.

The court gave a number of charges that are substantially correct, and then instructed the jury as follows: "If you find for the plaintiff in the case, that is if you find that Mr. Cole had a paper title to the property entitling him to the possession of it, or if you find that Cole put Thomas upon notice that he, Cole, was going to acquire such title and that when he acquired it, it was going to be his property and not that of Thomas, then your verdict should be for the plaintiff."

The quoted charge in effect *assumes* that it is *established in the case* that the use plaintiff Cole had equitably bound himself to convey to Thomas the title to land he, Cole, acquired through an execution sale by a third person of the land that had been mortgaged by Thomas to Cole prior to the date of the judgment; and the charge in effect states the law to be that Cole must have put Thomas on notice that when he acquired the title it was "to be his property and not that of Mr. Thomas," before Cole could recover.

As the testimony seeking to show that Cole had equitably bound himself to convey the title to Thomas, is not conclusive in all its essential elements, but is controverted in several respects and not clearly shown in others, it was harmful error to assume that the obligation to convey had been

established, and to make the plaintiff's recovery dependent upon notice to Thomas that he would not convey to him.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J.. concur.